IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-097-RJC-DCK

| WILLIAM ERIC WHEELER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MECKLENBURG COUNTY, KENNETH CHRISTOPHER PEEK, JOEL RIDDLE, and RENITA PENDERGRASS, | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "City Of Durham's Motion To Quash" (Document No. 25). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion with modification.

## BACKGROUND

William Eric Wheeler ("Plaintiff" or "Wheeler") initiated this action with the filing of his "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, on January 14, 2020. Plaintiff was a "Lead Medicolegal Death Investigator" at the "Mecklenburg County Medical Examiner's Office ("MCMEO")." (Document No. 1-1, p. 2). Mecklenburg County terminated Plaintiff's employment on March 14, 2017. (Document No. 1-1, p. 11). Plaintiff now asserts claims against Mecklenburg County, Kenneth Christopher Peek ("Peek"), Joel Riddle ("Riddle") and Renita Pendergrass ("Pendergrass") for: (1) wrongful discharge in violation of public policy; (2) violation of Section 1981 of the Civil Rights Act of 1866; (3)

violations of Section 1983 of the Civil Rights Act of 1871; and (4) violations of Article 1, Section 19 of the North Carolina State Constitution. (Document No. 1-1, pp. 13-17).

The "Answer Of Mecklenburg County And Kenneth Christopher Peek" (Document No. 2) was filed on February 21, 2020.[1] The parties then filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 3) on March 16, 2020.

On March 26, 2020, the Honorable Robert J. Conrad, Jr. issued the "Pretrial Order And Case Management Plan" (Document No. 4). Key deadlines included: mediation – November 2, 2020; discovery completion – December 7, 2020; and dispositive motions – January 6, 2021. (Document No. 4). Subsequently, the parties filed two consent motions to extend case deadlines that were allowed by the Court and ultimately extended the discovery deadline to January 8, 2021, and the dispositive motions deadline to February 8, 2021. See (Document Nos. 10, 11, 15, and 16). The parties' effort at mediating a settlement reached an impasse on December 8, 2020. (Document No. 14).

Plaintiff's "Motion To Compel Defendant Mecklenburg County" (Document No. 17) was filed on January 8, 2021. The undersigned granted that motion, with modification, on March 16, 2021.

The current case deadlines are: discovery completion – January 8, 2021; dispositive motions – April 20, 2021; and trial – July 6, 2021. (Document Nos. 16, 27).

The "City Of Durham's Motion To Quash" (Document No. 25) was filed with this Court on February 27, 2021. The City of Durham ("Durham" or "Movant") notes that Plaintiff issued a "Subpoena to Produce Documents…" (Document No. 25-1 on February 16, 2021. The Subpoena

---

[1] The "Answer Of Joel Riddle" (Document No. 5) was later filed on March 30, 2020.

commands production of "[a]ny communications or documents relating to or discussing the employment of Maia Elgohail, including performance evaluations and disciplinary documents/records." (Document No. 25, p. 1; Document No. 25-1, p. 1). Durham contends that the Subpoena does not comport with Fed.R.Civ.P. 4(j)(2), and that it should be quashed pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii) because it requests the disclosure of privileged information or other protected matter. (Document No. 25, p. 2).

"Plaintiff's Response To City Of Durham's Motion To Quash Document Production Subpoenas And/Or For Protective Order" (Document No. 29) was filed March 15, 2021.

Durham failed to file a reply brief, or notice of intent not to reply, pursuant to Local Rule 7.1(e). Neither Maia Elgohail, nor Defendants, have weighed in on this issue. Also, none of the litigants have made a filing addressing the Court's concern that "the subpoena may not comply with the requirements of the "Pretrial Order…" (Document No. 4, p. 3) and/or Fed.R.Civ.P. 45(c)(2)(A)." (Document No. 30, p. 8).

The pending "…Motion To Quash" is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any **nonprivileged** matter that is relevant to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1) (emphasis added). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329

U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

The undersigned observes that Plaintiff does not dispute the City of Durham's argument that the requested information is privileged or otherwise protected;  rather, Plaintiff contends that the need for Ms. Elgohail's personnel file "outweighs the privilege and privacy concerns raised." (Document No. 29, p. 4) (citations omitted).  Plaintiff notes that it has received Ms. Elgohail's personnel file from the Mecklenburg County Medical Examiner's Office ("MCMEO") where both she and Plaintiff were employed.  (Document No. 29, p. 4, n. 2).

Plaintiff offers little, if any, description of when or for how long Ms. Elgohail worked for the City of Durham.  Moreover, Plaintiff's demand for communications and documents regarding Ms. Eloghail is virtually limitless.  See (Document Nos. 25-1, 29-3).

Based on Durham's arguments, the undersigned's own concerns with the timing of this motion and Rule 45 compliance, and finding that Plaintiff's request does not appear to be proportional to the needs of the case, the undersigned will grant Durham's motion.

**IT IS, THEREFORE, ORDERED** that the "City Of Durham's Motion To Quash" (Document No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs related to the instant motion.

Signed: April 12, 2021

David C. Keesler
United States Magistrate Judge