UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-97-RJC-DCK

| WILLIAM ERIC WHEELER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| MECKLENBURG COUNTY, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand to State Court, (Doc. No. 49), Defendant's Memorandum in Opposition, (Doc. No. 58), and Plaintiff's Reply. (Doc. No. 61). The question is whether this Court should exercise its discretion to retain jurisdiction over this matter given the parties' recent stipulation dismissing Plaintiff's federal claims against Defendants. For the reasons stated below, this Court declines to maintain a case that was removed to this Court pursuant to Federal Question Jurisdiction but which now contains only state law claims, and the case is therefore remanded to state court.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Eric Wheeler ("Wheeler") is the former Lead Medicolegal Death Investigator for Defendant Mecklenburg County. (Doc. No. 1-1 at 1). In this capacity he investigated unattended or suspicious deaths in the County. (Id. at 6). The County terminated Plaintiff's employment on March 14, 2017. (Id. at 11). Plaintiff contends that the reasons for his termination were pretextual, and that his race and gender were the true motivating factors for the County's actions. (Id.).

1

On January 14, 2020, Plaintiff filed a Complaint in state court against Defendant Mecklenburg County and Defendants Christopher Peek, Joel Riddle, and Renita Pendergrass ("individual defendants"). (Doc. No. 1-1). His Complaint contained four counts: 1) Wrongful Discharge in Violation of Public Policy, filed against Defendant Mecklenburg County, 2) Violations of Section 1981 of the Civil Rights Act of 1866, filed against Defendant Mecklenburg County, 3) Violations of Section 1983 of the Civil Rights Act of 1871 against the individual defendants, and 4) Violations of Article 1, Section 19 of the Noah Carolina State Constitution against the individual defendants. (Doc. No. 1-1 at 12–16).

On February 14, 2020, Defendants Mecklenburg County and Christopher Peek removed the case to this Court pursuant to Federal Question Jurisdiction. (Doc. No. 1). Those two Defendants filed an Answer on February 21, 2020, while Defendant Joel Riddle filed an Answer on March 30, 2020. (Docs. Nos. 2, 5). The Court entered a Scheduling Order on March 26, 2020. (Doc. No. 3). On April 13, 2020, Summons was reissued electronically as to Defendant Renita Pendergrass, but Plaintiff never filed proof of service of Defendant Pendergrass in this Court. (Doc. No. 6).

Following discovery, Defendants Mecklenburg County, Peek, and Riddle filed a Motion for Summary Judgment on April 20, 2021. (Doc. No. 34). Plaintiff filed a Response to this motion on May 17, 2021. (Doc. No. 44). On the same day, however, Plaintiff and Defendants Mecklenburg County, Peek, and Riddle also filed a Joint Stipulation of Dismissal as to two of Plaintiff's claims. (Doc. No. 45). Specifically, the Stipulation dismissed with prejudice Plaintiff's Section 1981 claim

against Mecklenburg County and Plaintiff's Section 1983 claim against Defendants Peek and Riddle. (Id.).

After the federal claims were dismissed, Plaintiff filed a Motion to Remand to State Court on May 20, 2021. (Doc. No. 49, 50). Defendants Mecklenburg County, Peek, and Riddle filed a Response in Opposition on June 2, 2021, and Plaintiff filed his Reply on June 7, 2021. This motion is now ripe for review.

## II. DISCUSSION

The first question in the case, which the Court raises *sua sponte*, regards the status of Defendant Pendergrass. Plaintiff has offered no proof that Defendant Pendergrass was ever properly served. Moreover, upon review of the docket the Court finds no indication that Defendant Pendergrass has taken part in the litigation, as Defendant Pendergrass does not appear to have filed, responded to, or necessarily received any motions or orders in this case. Plaintiff has neither shown proof of service against this Defendant nor filed for default against her despite her lack of filing, leaving her status in limbo. "Where plaintiff has not shown proof of service, and where the time for service has expired, the court may dismiss the complaint for insufficient service, or extend the time for service for good cause shown." Reaves v. Tr. Servs. of Carolina, No. 5:17-CV-407-FL, 2018 WL 2370693, at *3 (E.D.N.C. May 24, 2018). Defendant Pendergrass was required to be served within 90 days after the Complaint was filed, Fed. R. Civ. P. 4(m); it has been over one year since the Complaint was filed, so the time to show proof of service has long since passed. The Court will therefore dismiss without prejudice the claims against Defendant Pendergrass.

The second question, raised by Plaintiff's Motion to Remand to State Court, (Doc. No. 49), is whether the Court retains jurisdiction over Plaintiff's state law claims against the remaining Defendants following the Parties' Stipulation of Dismissal. (Doc. No. 45). This Joint Stipulation dismissed Counts Two and Three – the federal claims – against Defendants Mecklenburg County and Defendants Peek and Riddle, respectively. (Doc. No. 45). The only claims left standing, Counts One and Four, are claims based on state law. (Doc. No. 1-1). Plaintiff's Complaint was originally removed to this Court pursuant to Federal Question Jurisdiction, (Doc. No. 1 at 1), but the basis for that jurisdiction is now gone. Under such circumstances, 28 U.S.C. § 1367(c)(3) allows trial courts to exercise "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). In exercising that discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id.

Defendant argues that this Court should not grant Plaintiff's motion for several reasons, including that the case is far enough along that judicial economy does not support remand, Plaintiff's choice of forum is not relevant here, Plaintiff is engaging in forum shopping by dismissing its federal claims, and comity does not support remand because the state law claims are analyzed under the same framework as the former federal claims. (Doc. No. 58). Plaintiff responds that there is no strong federal interest in this Court deciding the state law claims, that

4

the stage of the case is well suited for remand, and that Plaintiff is not engaging in forum manipulation by jointly dismissing the federal claims here. (Doc. No. 61).

First, the Court has considered judicial economy and has determined that the state court will have little difficulty taking up the case at this stage; the motion for summary judgment is clear and has been well briefed, this Court has adjudicated relatively few substantive disputes during this litigation, and no other outstanding motions currently await adjudication. Second, removing this case to state court would not be unfair or overly burdensome to the parties, and the litigation is at such a stage that removal would not prejudice either party. (Doc. No. 1-1; Doc. No. 45). Trial is still several months away, no pretrial conference has been conducted, cf. The Chosin Few, Inc. v. Scott, 1998 WL 1818613, at *2 (W.D.N.C. Aug. 13, 1998), and the parties should not face difficulty re-filing their dispositive motions briefing before the state court. Third, Defendants' argument notwithstanding, there is no convincing evidence that Plaintiff is engaging in forum manipulation; Plaintiff could have dismissed these federal claims immediately upon removal if he intended to forum shop but did not do so, nor was there an adverse decision from this Court after which Plaintiff dismissed the claims. Instead, after Defendants' summary judgment argument was filed, Plaintiff stipulated with Defendants to dismiss the federal claims. The Court will not assume on these facts that Plaintiff is attempting to manipulate the forum.

Finally, and most importantly, the principles of federalism advise that – all things being equal – a state court rather than a federal court ought to adjudicate a claim brought under the State Constitution. Booth v. Maryland, 337 F. App'x 301,

311 (4th Cir. 2009) ("It is fundamental that state courts be left free and unfettered by us in interpreting their state constitutions.") (quoting Minnesota v. Nat'l Tea Co., 309 U.S. 551, 60 S.Ct. 676, 84 L.Ed. 920 (1940)). Therefore, comity suggests that Plaintiff's remaining claims, including the State Constitution claim, are best left to a state court given that the federal claims that bound the case to federal court have been settled.

Having considered the relevant factors, the Court will decline to exercise its discretion to keep the case in federal court, and instead will remand the remaining claims back to the Superior Court of Mecklenburg County, North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claims against Defendant Renita Pendergrass are **DISMISSED without prejudice**;
2. Plaintiff's Motion to Remand to State Court, (Doc. No. 49), is **GRANTED**; and
3. This matter is **REMANDED** to Mecklenburg County Superior Court.

**SO ORDERED.**

Signed: June 23, 2021

Robert J. Conrad, Jr.
United States District Judge

6